IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:06CR201 |
| Plaintiff, ) | 8:05CR116 |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| M, A, YAH, ) | and |
| ) | ORDER |
| Defendant. ) | |

This matter is before the court on the motion to dismiss filed by defendant M, A, Yah (Filing No. 13 in case no. 8:06CR201) and the motion of the government for joinder (Filing No. 6 in case no. 8:06CR201). M, A, Yah is charged in the Indictment with two counts of the use of another's social security identification number during and in relation to a felony in violation of 18 U.S.C. § 1028A. M, A, Yah seeks to dismiss the Indictment as a violation of a plea agreement with the government in **United States v. M, A, Yah**, 8:05CR116. The government argues M, A, Yah has breached the plea agreement and the case should be joined for trial with the Indictment in case no. 8:05CR116. M, A, Yah further requests the case in 8:05CR116 be removed from the trial setting and set for a change of plea hearing (Filing No. 175).

An evidentiary hearing was held on the motion to dismiss and the motion for joinder on July 19, 2006. During the hearing and at the parties' request, the court took judicial notice of the case files in case no. 8:06CR201 and in case no. 8:05CR116, with particular attention to the following filings in 8:05CR116: the Petition to Enter Guilty Plea (Filing No. 154); Plea Agreement (Filing No. 155); Filing Nos. 128, 145, 147, 150, 151, 152, 157, 159, 160, 161, 164, and 165. M, A, Yah argued that the government has breached the plea agreement in case no. 8:05CR116 set forth in paragraph 2 by filing the additional charges in 8:06CR201. The government argued M, A, Yah breached the plea agreement by declining to enter a guilty plea, and the plea agreement was no longer binding on the government.

On April 28, 2006, the government and M, A, Yah entered into a plea agreement concerning the Indictment in case no. 8:05CR116 (Filing No. 155). The plea agreement provided, in part, the following:

> 2. Provided that you demonstrate acceptance of responsibility to the Probation Office and to the Court, the undersigned Assistant United States Attorney stipulates that you notified authorities in the timely manner of your intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. The undersigned Assistant United States Attorney for the District of Nebraska further agrees to recommend a sentence at the low end of the applicable sentencing guideline. The United States Attorney for the District Of Nebraska also agrees that the defendant will not be prosecuted for any additional criminal conduct in the District Of Nebraska emanating from the federal investigation the defendant [sic] for Bank Fraud and Identity Theft.
>
> \* \* \* \*
>
> 7. By signing this agreement, you acknowledge that, in the event you violate any term or condition of this agreement, you shall not, because of such violation of this agreement, be allowed by either the Court or the United States Attorney for the District of Nebraska, or his designate, to withdraw your plea of guilty.
>
> 8. Should the Court for any reason not accept this plea agreement, this plea agreement shall be considered null and void, and the United States Attorney for the District of Nebraska, or his designate, may withdraw or decline to file any sentencing recommendation is otherwise bound by this agreement to give regarding sentencing, and the United States may then prosecute you for law violations which the united States had otherwise promised in this agreement not to pursue.
>
> 9. The plea agreement proposed herein may be withdrawn by the United States Attorney for the District of Nebraska, or his designate, at any time prior to acceptance by you.
>
> 10. No promises, agreements, or conditions have been entered into other than those set forth in this document, and none will be entered into unless in writing and signed by all parties.

Case no. 8:05CR116, Filing No. 115.

The court finds that the executed plea agreement is a binding contract on both the defendant and the government, and each party is required to fulfill its obligations under the contract. **See *United States v. Fowler***, 445 F.3d 1035 (8th Cir. 2006).

2

M, A, Yah was scheduled for a change of plea before the undersigned magistrate judge on several occasions. At the change of plea hearing on June 16, 2006, the government announced it was no longer bound by the plea agreement and the matter should be set for trial. On June 16, 2006, the court set case no. 8:05CR116 for trial in August 1, 2006. On June 22, 2006, an Indictment was returned in case no. 8:06CR201 charging M, A, Yah with two additional violations of 18 U.S.C. § 1028A.

M, A, Yah asserts he has been willing to enter a plea of guilty and stands ready to abide by his plea agreement. M, A, Yah asserts he has attempted to plead guilty but was not in a position to provide a intelligent and voluntary plea due to medication (Vicodin) he was placed on by his doctor. The government asserts the defendant wilfully made himself unavailable to render such a plea by his continued use of Vicodin.

The defendant has attempted several times to enter a plea of guilty pursuant to the plea agreement. On those occasions, the defendant was under the influence of Vicodin which the court found to be an impediment to an intelligent and voluntary plea. Such determination was made after a report from the defendant's doctor as to the affect of Vicodin. Before the court had an opportunity to restrict the defendant's use of Vicodin to a period sufficiently in advance of a plea hearing[1], the government preempted the court and announced the government's withdrawal from the plea agreement. While the defendant may have been manipulative in seeking continuances of the plea hearing, he has remained steadfast in his assertion that he was ready and willing to enter the plea called for in the plea agreement. The court finds M, A, Yah has not breached the plea agreement.

The court finds that the government has breached paragraph 2 of the plea agreement by filing additional charges against the defendant which conduct emanated "from the federal investigation the defendant (sic) for Bank Fraud and Identity Theft" before there was determination by the court that M, A, Yah did not perform in accordance with the plea agreement. As such, the remedy for the breach would be to place the parties in the same position before the breach. Such remedy would require the dismissal without

---

[1] Examples of such action could have been the restriction on when the defendant took such medication and , if such restrictions were not complied with, the detention of the defendant where the use of any medication would be controlled by a detention facility.

3

prejudice of the additional charges in 8:06CR201, the continuance of the trial, and the setting of 8:05CR116 for a plea hearing.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

M, A, Yah's motion to dismiss (Filing No. 13 in case no. 201) be held in abeyance until M, A, Yah enters a plea of guilty pursuant to the plea agreement in 8:05CR116.  If such plea is entered in accordance with the plea agreement, the charges in 8:06CR201 should be dismissed.

**IT IS ORDERED:**

1. M, A, Yah's motion to remove 8:05CR116 from the trial docket (Filing No. 175) is granted and such matter is scheduled for a change of plea before Judge Laurie Smith Camp in Courtroom No. 2, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska, **at 1:00 p.m. on August 4, 2006**.  At least 12 hours prior to the hearing, M, A, Yah shall ingest no medication or substance which will interfere with an intelligent, knowing and voluntary plea of guilty in this matter.

2. The government's motion for joinder (Filing No. 6 in case no. 8:06CR201) is denied.

**ADMONITION**

Pursuant to NECrimR 57.2 and 57.3 any appeal of this Order or objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order and Report and Recommendation.  Failure to timely appeal or object may constitute a waiver of any such appeal or objection.  The brief in support of any appeal or objection shall be filed at the time of filing such appeal or objection.  Failure to file a brief in support of any appeal or objection may be deemed an abandonment of the appeal or objection.

DATED this 28th day of July, 2006.

BY THE COURT:

 s/Thomas D. Thalken
 United States Magistrate Judge